UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **FERNANDO HERNANDEZ, Individually and on Behalf of All Others Similarly Situated,** | § § § § | |
| **Plaintiff,** | § § | **CIVIL ACTION NO. 5:16-cv-00868** |
| **V.** | § § | **JURY TRIAL DEMANDED** |
| **TIER ONE SECURITY, INCORPORATED and SHAWN FLUITT,** | § § § § | |
| **Defendants.** | § | |

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**

## I. SUMMARY

1.      Congress designed the Fair Labor Standards Act of 1938 ("FLSA") to remedy situations "detrimental to the maintenance of the minimum standard of living necessary for health, efficiency, and general well-being of workers."  29 U.S.C. § 202(a).  To achieve this broad remedial purpose, the FLSA establishes minimum wage and overtime requirements for covered employees.  29 U.S.C. §§ 206, 207.  These provisions, coupled with an effective integrated cause of action within the FLSA, prevent employers from pilfering away the wages rightfully earned by their employees.

2.      Plaintiff Fernando Hernandez and the employees he seeks to represent ("Class Members") are current and former non-exempt employees of Defendants Tier One Security, Incorporated and Shawn Fluitt ("Defendants") who worked as gate guards within the last three (3) years.  Defendants knowingly and deliberately failed to pay their gate guards overtime at the

formula prescribed by the FLSA by restricting compensation to straight time compensation regardless of the number of hours worked.  *See* 29 U.S.C. § 207(a)(1).

3.      Defendants' compensation policies violate the FLSA's mandate that non-exempt employees, such as Plaintiff, be paid one and one-half times his regular rate of pay for all hours worked in excess of forty (40) within a single week.  Specifically, Defendants intentionally misclassified Plaintiff and Class Members as independent contractors in a scheme to avoid their wage duties to their employees under the FLSA.

4.      Plaintiff seeks to recover all unpaid wages and other damages on behalf of himself and the Class Members through a 29 U.S.C. § 216(b) collective action in order to remedy the extensive and sweeping violations of the wage and hour provisions of federal law. These violations have deprived Plaintiff and Class Members of their lawfully earned wages and unjustly enriched Defendants.  Plaintiff prays that the class of similarly situated gate guards be notified of the pendency of this action and apprised of their rights so that they may have an opportunity to join this litigation in a manner envisioned by *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989) and its progeny.

## II. SUBJECT MATTER JURISDICTION & VENUE

5.      This court has federal question jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1331 as this case is brought under the laws of the United States, specifically the FLSA via 29 U.S.C. § 216(b).

6.      Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(2) because a substantial portion of the action giving rise to this claim occurred in this District, including a number of the wrongs herein alleged.

## III. PARTIES & PERSONAL JURISDICTION

7.      Plaintiff Fernando Hernandez is an individual residing in Maverick County, Texas.  His written consent form is attached hereto as Exhibit "1."

8.      The Class Members are current and former gate guards employed by Defendants at any time three years prior to the filing of this lawsuit to the present.

9.      Tier One Security Incorporated is a Texas for-profit corporation located in Kendall County, Texas.  Service of process may be effectuated against Defendant through service of its registered agent: Shawn Fluitt, 41109 IH-10 Ste. C, Boerne, Texas 78006.

10.      Defendant Shawn Fluitt is an individual residing in Kendall County, Texas.  He may be served with process at 41109 IH-10 Ste. C, Boerne, Texas 78006.

## IV. FLSA COVERAGE

11.      At all times material to this action, Defendants have been an employer within the meaning of the FLSA.  29 U.S.C. § 203(d).

12.      At all times material to this action, Defendants have been an enterprise in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1) due to the fact that Defendants have had and continue to have employees engaged in commerce.

13.      Defendants have an annual gross business volume of not less than $500,000, thereby exceeding the statutory minimum for FLSA actions.

14.      Defendant Shawn Fluitt is the owner, Director and President of Tier One Security, Incorporated.

15.      Defendant Shawn Fluitt controlled the nature, pay structure, and employment relationship of Plaintiff.

16.     Further, Defendant Shawn Fluitt had, at all times relevant to this lawsuit, the authority to hire and fire employees, the authority to direct and supervise the work of employees, the authority to sign on the business's checking accounts, including payroll accounts, and the authority to make decisions regarding employee compensation and capital expenditures.

17.     Additionally, Defendant Shawn Fluitt was responsible for the day-to-day affairs of the business.  In particular, he was responsible for determining whether the business complied with the FLSA.

18.     As such, pursuant to 29 U.S.C. § 203(d), Defendant Shawn Fluitt acted directly or indirectly in the interest of Plaintiff's employment as his employer, which makes Defendant Shawn Fluitt individually liable under the FLSA.

## V. FACTS

19.     Defendants operate a business that provides gate guard services for frac sites, drilling sites, ranches and other rural locations throughout the state of Texas.  Defendants' business provides to its customers the manual labor force required for gate security at the aforementioned sites.

20.     Defendants do business throughout Texas.

21.     Plaintiff worked for Defendants as a gate guard.

22.     Plaintiff worked from approximately October 2013 through February 2016.

23.     Plaintiff's primary duty was to provide security at a rural location's entry gate.

24.     Defendants compensate its gate guards on an hourly rate basis.

25.     Defendants compensate its gate guards on a straight time basis for all hours worked.

26.     Defendants do not pay overtime at the premium hourly rate, instead, they pay at the same hourly rate for all hours worked ("straight time").

27.     Defendants classify all of its gate guards, including Plaintiff, as independent contractors.

28.     Defendants' classification of its gate guards as independent contractors was not due to any unique factor related to their employment or relationship with Defendants.  As a matter of common business policy, Defendants routinely misclassified all of its gate guards as independent contractors as opposed to employees.  As a result of this uniform misclassification, Plaintiff and Class Members were not paid the minimum wage or overtime wages required under the FLSA.

29.     Defendants' misclassification of Plaintiff and the Class Members as independent contractors was designed to deny them their fundamental rights as employees to receive minimum wages, overtime, and all done to enhance Defendants' profits.

30.     Defendants' misclassification of Plaintiff and Class Members as independent contractors was willful.  Defendants knew or should have known that Plaintiffs and the Class Members were improperly classified as independent contractors.  Even a cursory examination of the law would have revealed this basic fact.

31.     Employment is defined with "striking breadth" in the context of wage and hour laws. *Nationwide Mut. Ins. Co. v. Darden*, 503 U.S. 318, 325-26 (1992).  The determining factor as to whether manual laborers like Plaintiff are employees or independent contractors under the FLSA is not the worker's election, subjective intent, or any contract he might enter into.  Instead, the test for determining whether an individual is an "employee" under the FLSA is the economic realities test.  Under that test, employee status turns on whether the individual is, as a matter of

economic reality, in business for himself and truly independent, or rather is economically dependent upon finding employment in others.

32.     Under the applicable test, courts utilize several factors to determine economic dependence and employment status.  These factors are: (i) the degree of control exercised by the alleged employer, (ii) the relative investments of the alleged employer and employee, (iii) the degree to which the employee's opportunity for profit and loss is determined by the employer, (iv) the skill and initiative required in performing the job, (v) the permanency of the relationship, and (vi) the degree to which the alleged employee's tasks are integral to the employer's business.

33.     The totality of the circumstance surrounding the relationship between Defendants and Plaintiff and Defendants and Class Members establishes economic dependence by the gate guards on Defendants and thus employee status.  As a matter of economic reality, Plaintiff and all other Class Members are not in business for themselves and truly independent, but rather are economically dependent upon finding employment in others, namely Defendants. The gate guards are not engaged in occupations or business distinct from that of Defendants. Rather, their work is the basis for Defendants' business.  Defendants obtain the customers who desire gate guard security, and provide the manual laborers who provide gate guard security on behalf of Defendants' business.  Defendants retain pervasive control over the gate guards and the methods used to provide security as a whole, and the gate guards' duties are an integral part of the operation.  Finally, the gate guards, like Plaintiffs, work exclusively for Defendants for extended periods of time.

34.     Defendants continue to face wage lawsuits identical to this one, however, their disregard and violation of the law continues.  Defendants' conduct was willful and without a good faith basis to believe that their conduct complied with the law.

## VI. <u>COLLECTIVE ACTION ALLEGATIONS</u>

35.     Plaintiff brings this complaint as collective action pursuant to 29 U.S.C. § 216(b) on behalf of his fellow employees who were employed or are currently employed by Defendants as gate guards within three (3) years from the commencement of this action who have not been compensated at one and one-half their regular rate of pay for all hours worked in excess of forty (40) in a single week.

36.     Plaintiff has actual knowledge that Class Members throughout the state have likewise been denied overtime by Defendants.

37.     Plaintiff is similarly situated to the Class Members.  Like Plaintiff, the Class Members are subject to the common practice, policy, or plan of Defendants concerning the non-payment of overtime.  Additionally, Class Members and Plaintiff have the same, or substantially the same, duties.  Similarities also exist with respect to job responsibilities, job titles, and employment dates.

38.     The size of the class is so numerous that the joinder of all the manual laborers on an individual basis would be impracticable.  Plaintiffs estimate the putative class to be approximately 300 individuals.

39.     Common questions of law and fact are involved, including questions posed by Plaintiff's allegations that Defendants failed to pay overtime when that overtime was legally earned and that Defendants misclassified its gate guards as independent contractors.

40.     The claims of Plaintiff and Class Members arise from a common nucleus of operative facts, namely the continued willful failure of Defendants to comply with their obligations to compensate their employees in harmony with federal law.

41.     The names and address of the Class Members of this collective action are discoverable from Defendants' records.  To the extent required by law, notice will be provided to these individuals via First Class Mail and electronic mail or by the use and a form of notice similar to those customarily used in representative actions in order to inform them of the pendency of this action and provide them an opportunity to opt-in pursuant to 29 U.S.C. § 216(b).

42.     As such, the class of similarly situated Class Members is properly defined as follows:

> **All current and former gate guards employed by Defendants during the three (3) year period before the filing of this Complaint up to the present.**

## VII. <u>CAUSES OF ACTION—VIOLATIONS OF 29 U.S.C. § 206 & 207</u>

43.     Plaintiff incorporates the preceding paragraphs by reference.

44.     For every hour worked in excess of forty (40) in a work week, Plaintiff and Class Members were entitled to be paid at the rate of one and one-half their regular rates of pay.  29 U.S.C. § 207(a)(1).

45.     For every hour worked up to 40 in a workweek, Plaintiff and Class Members were entitled to be paid at the federally mandated minimum wage rate. 29 U.S.C. § 206.

46.     Consequently, when Defendants failed to pay minimum wage and overtime, they violated the FLSA.

47.     No exception provided in the FLSA, its implementing regulations, or recognized by the Department of Labor authorizes Defendants to disregard paying minimum wage and overtime to Plaintiff and Class Members.

48.     Defendants' failure to pay minimum wage and overtime was willful and not based on a good faith belief that their conduct did not violate the FLSA.  Thus, the foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a).  Plaintiff and Class Member are entitled to a three-year statute of limitations under the FLSA.

## VIII. <u>WAGE DAMAGES SOUGHT</u>

49.     Plaintiff and Class Members are entitled to recover their unpaid minimum and overtime wages for all time worked in a single week.

50.     Plaintiff and Class Members are entitled to recover an equal amount of their unpaid wages as liquidated damages.  29 U.S.C. § 216(b).

51.     Plaintiff are also entitled to recover their attorney's fees and costs, as required by the FLSA.  29 U.S.C. § 216(b).

## IX. <u>JURY DEMAND</u>

52.     Pursuant to their rights under the Constitution of the United States, U.S. CONST. amend. VII, and FED R. CIV. P. 38(a), Plaintiff hereby demands a trial by jury.

## X. <u>PRAYER FOR RELIEF</u>

53.     For these reasons, Plaintiff respectfully requests that judgment be entered in his favor and the Class Members awarding them:

a.     Overtime compensation for all hour works in excess of forty (40) per week at the rate of one and one-half times their regular rates of pay;

b.     Unpaid minimum wage compensation;

c.     An equal amount of their unpaid minimum wage and overtime premiums as liquidated damages, as allowed under the FLSA;

d.     Reasonable attorney's fees, costs, and expenses of this action as provided by the FLSA; and

e.     Such other and further relief to which Plaintiff and Class Members may be entitled, both in law and in equity.

Respectfully submitted,

SHELLIST LAZARZ SLOBIN LLP

By: */s/ Todd Slobin*
TODD SLOBIN
Texas Bar No. 24002953
tslobin@eeoc.net
RICARDO J. PRIETO
Texas Bar No. 24062947
rprieto@eeoc.net
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Telephone: (713) 621-2277
Facsimile: (713) 621-0993

ATTORNEYS FOR PLAINTIFF
& CLASS MEMBERS